# IN THE COURT OF APPEALS OF IOWA

No. 19-1442
Filed November 4, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TRAVIS JAMES JORDAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Kurt L. Wilke, Judge.

A defendant appeals his criminal sentence, alleging his trial counsel was ineffective. **APPEAL DISMISSED.**

Jesse A. Macro, Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., May, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**BLANE, Senior Judge.**

Defendant Travis Jordan appeals the sentence imposed upon his conviction of burglary in the third degree, asserting ineffective assistance of his criminal defense attorney for failing to object at sentencing to the prosecutor's alleged violation of the plea agreement and that the prosecutor violated his due process rights by violating the plea agreement. The State contends we do not have jurisdiction over this appeal based on amended Iowa Code sections 814.6(1)(a)(3) and 814.7 (Supp. 2019). We find that Jordan's appeal only raises issues of ineffective assistance of counsel and, based upon statutory amendment of Iowa Code section 814.7, we lack subject matter jurisdiction and must dismiss the appeal.

## I.    Factual and procedural background.

On September 27, 2018, the State filed a trial information charging Jordan with burglary in the third degree and possession of burglary tools. On October 22, the State and Jordan entered into a plea agreement, which was placed on the record during the plea hearing:

> Jordan is going to enter a guilty plea to Count I for burglary in the third degree. The State is agreeing to dismiss Count II. The parties are agreeing to release Mr. Jordan [to work release] after the hearing today. The recommendation of the county attorney—The county attorney's going to agree to remain silent at sentencing, and the defendant is free to argue for probation.

Sentencing was set for November 26. Jordan failed to appear for the sentencing hearing, and a warrant was issued for his arrest. Jordan was arrested seven months later, on June 2, 2019. Sentencing took place on August 19, 2019. At sentencing, the State did not remain silent and argued for the court to impose a

prison sentence, which the court then imposed. Jordan argues his criminal defense attorney was ineffective for failing to object to the prosecutor not remaining silent at sentencing per the plea agreement and that his due process rights were violated by the prosecutor's breach of the plea agreement.

Between the time of Jordan's plea and his sentencing ten months later, the Iowa legislature passed several statutory changes that became effective on July 1, 2019 affecting appellate courts' jurisdiction of appeals. *See, e.g.*, 2019 Iowa Acts ch. 140, §§ 28, 29, 31 (codified at Iowa Code §§ 814.6, .7). Jordan argues, despite these statutory amendments, we have jurisdiction to address his appeal, while the State argues we do not. A "court has inherent power to determine whether it has jurisdiction over the subject matter of the proceedings before it." *State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017).

## II.      Iowa Code section 814.6(1)(a)(3).

The State contends that Jordan's appeal is from a guilty plea and that we do not have subject matter jurisdiction under section 814.6(1)(a)(3). That section as amended precludes a right of appeal from a final judgment of sentence where the defendant pled guilty unless the crime is a class "A" felony or the defendant establishes good cause. Iowa Code § 814.6(1)(a)(3). Jordan anticipated the State's argument in his appeal brief and argues that because his plea on October 22, 2018 pre-dated enactment of this amendment barring appeals from guilty pleas, the statute does not apply. We do not accept Jordan's argument. In *State v. Macke*, our supreme court held "Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered

before July 1, 2019." 933 N.W.2d 226, 228 (Iowa 2019). In this case, judgment and sentence were entered after the effective date.

Even so, we find under a recently decided supreme court case that this statute does not deprive us of subject matter jurisdiction. In *State v. Damme*, the court held "that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." 944 N.W.2d 98, 105 (Iowa 2020). Jordan's challenge is to the sentence, not the guilty plea. We have consistently found we have subject matter jurisdiction under these circumstances.[1] Thus, section 814.6(1)(a)(3) does not deprive us of subject matter jurisdiction here.

## III.    Iowa Code section 814.7.

Iowa Code section 814.7 was amended, effective July 1, 2019, to foreclose an appellate court's ability to decide claims of ineffective assistance of counsel on direct appeal. 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7). As noted above, the amendment to section 814.7 does "not apply to a direct appeal from a judgment and sentence entered before July 1, 2019." *Macke*, 933 N.W.2d at 228. In other words, the amendment does not apply retroactively. *Id.*

Jordan argues his "appeal has to do with the conduct of the prosecutor and conduct of his counsel throughout the entirety of the proceedings, not simply from

---

[1] *State v. Wienke*, No. 20-0126, 2020 WL 5944460, at * 1 n.1 (Iowa Ct. App. Oct. 7, 2020); *State v. Fetner*, No. 19-1561, 2020 WL 5650498, at *1 n.1 (Iowa Ct. App. Sept. 23, 2020); *State v Taylor*, No. 19-1308, 2020 WL5650466, at *1 (Iowa Ct. App. Sept. 23, 2020); *State v. Nunez Cabrera*, No. 19-2058, 2020 WL 5650606, at *1 (Iowa Ct. App. Sept. 23, 2020); *State v. Jeffrey*, No. 19-1918, 2020 WL 4814141, at *1 (Iowa Ct. App. Aug. 19, 2020); *State v. Harden*, No. 19-0442, 2020 WL 4814085, at *1 n.2 (Iowa Ct. App. Aug. 19, 2020).

the final sentencing order." He contends that because his plea predated the amendment to section 814.7, he is not restricted to raising his ineffective-assistance claim solely by postconviction relief and may do so here on direct appeal.[2] The State argues we are dealing solely with a claim that involves sentencing, not the plea, so the statute applies and we lack subject matter jurisdiction to hear Jordan's ineffective-assistance-of-counsel claim on this direct appeal.

Before we can decide this issue, we must first determine the nature of Jordan's second issue. If it is an ineffective-assistance-of-counsel claim, then it is barred by section 814.7. The second issue is framed in Jordan's appeal brief as: "The prosecutor violated defendant's due process rights by breaching the agreement." He then argues: "The State breaching the plea agreement was a violation of Jordan's due process rights as Jordan had to give up his trial rights and potential suppression defenses to avail himself of the plea agreement," citing *Santobello v. New York*, 404 U.S. 257, 262 (1971). His brief continues: "Jordan is not challenging the plea itself, but rather is appealing the breach of the plea agreement by the prosecutor and is challenging the sentence that resulted from the breach."

The record is clear that Jordan did not raise this due process issue before the district court. In fact, he acknowledges in his brief's first issue that his trial counsel did not object to the prosecutor's breach of the plea agreement on any

---

[2] We note that Jordan's argument here is contradicted later in his brief, when he states: "Jordan is not challenging the plea itself, but rather is appealing the breach of the plea agreement by the prosecutor and is challenging the sentence that resulted from the breach."

basis. The district court did not rule on a claimed due process violation. "Issues not raised before the district court, including constitutional issues, cannot be raised for the first time on appeal." *State v. Mitchell*, 757 N.W.2d 431, 435 (Iowa 2008); *accord Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002) (finding that a party must request a ruling from the district court to preserve error for appeal on an issue presented but not decided). Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules. *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010). Even though an error is not preserved by proper objection and ruling before the district court, that issue may be raised by asserting it as an ineffective-assistance-of-counsel claim.

The only avenue available to Jordan to raise his due process claim in this appeal is to assert it under the ineffective assistance of counsel rubric. Jordan's claim of a due process violation is directed at the prosecutor's breach of the plea agreement. It appears to us that the claimed due process violation is the result of his attorney's failure to object on any basis. Jordan's direct appeal involves only ineffective-assistance-of-counsel claims.

Pursuant to *Macke* the relevant "event" for determining the law governing the appeal is the entry of the district court judgment being appealed, not the timing of the claimed ineffective assistance. 933 N.W.2d at 234. The judgment here was entered in August 2019, after the amendment to section 814.7 became effective. The statute deprives us of subject matter jurisdiction to hear this appeal that is based solely on claims of ineffective assistance of counsel.

**IV.     Conclusion.**

We determine pursuant to Iowa Code section 814.7 that we lack subject matter jurisdiction to hear Jordan's direct appeal, which solely raises ineffective-assistance-of-counsel claims.  Pursuant to that code section, such claims must be brought in a postconviction-relief proceeding under Iowa Code chapter 822, and they are preserved for that purpose.

**APPEAL DISMISSED.**